IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FREDERICK JACKSON, #119741 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-236-ECM-SMD |
| | ) | [WO] |
| PREM GULATI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro Se Plaintiff Frederick Jackson, an inmate currently confined in the Limestone Correctional Facility, brings this action under 42 U.S.C. § 1983. (Doc. 1). Plaintiff challenges his conditions of incarceration and the medical treatment he has received while incarcerated. *Id.* at 3–12. He names Limestone Physician Prem Gulati, Director of Medical Services Ruth Naglich, Wexford Health Sources, Inc., and Crestwood Hospital as defendants.

Under 42 U.S.C. § 1983, an action may be brought in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). A district court may transfer a civil action to any other district where

the action could have been brought if doing so would be in the interest of justice. 28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1406(a); 28 U.S.C. § 1631.

Here, the Limestone Correctional Facility and Crestwood Hospital are located within the United States District Court for the Northern District of Alabama. It appears that medical personnel personally responsible for the challenged medical treatment reside in the Northern District of Alabama. Additionally, Defendant Naglich is subject to service throughout Alabama and commonly defends suits in federal courts across the State. Accordingly, it is clear that the majority of witnesses and evidence associated with Plaintiff's claims reside or are located in the Northern District of Alabama. The undersigned therefore finds that, in the interest of justice and for the convenience of the parties, this case should be transferred to that District.

\*   \*   \*

For these reasons, the undersigned Magistrate Judge RECOMMENDS that this case be transferred to the United States District Court for the Northern District of Alabama.[1] It is further ORDERED that the parties shall file any objections to this recommendation on or before **May 18, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions

---

[1] In transferring this case, the Court makes no determination as to the merits of Plaintiff's claims. Neither does the Court consider Plaintiff's request for appointment for counsel (Doc. 1-1), motion for leave to proceed *in forma pauperis* (Doc. 2), or motion to file lesser number of copies (Doc. 3).

of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of May, 2021.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE